UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. 6:25-CR-07-REW-HAI |
| v. ) | |
| ) | RECOMMENDED DISPOSITION[1] |
| CHRISTOPHER E. STEWART, ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A January 2023 Indictment charges that, on December 18, 2024, Defendant Christopher Stewart, a convicted felon, unlawfully possessed a shotgun. D.E. 1. On May 7, 2025, Stewart's appointed counsel filed a Motion for Competency Evaluation. D.E. 13.

On May 9, the Court conducted a hearing on the motion. D.E. 15. At the hearing, defense counsel said that Defendant claims to have been diagnosed with several psychological disorders, including "schizoid disorder," epilepsy, and "extreme depression." Counsel said Defendant's fiancée confirmed these reports, as did Defendant's father, who said Defendant suffered a brain injury in early childhood and had received mental health treatment his whole life. Counsel also had records from the Laurel and Rockcastle County jails, which indicate several "antipsychotic" medications. Defendant had also recently tried to harm himself. Counsel said it is hard to "get through a topic" with Defendant because he is often crying or

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

upset, he feels unsafe, and he thinks people are conspiring against him. Sometimes he understands court roles and proceedings, but sometimes he appears not to.

Defense counsel further reported that, after she filed the motion, Defendant told her he had been in a psychotic state during the alleged commission of the crime. *See* D.E. 16. The defense then entered a notice of insanity defense. D.E. 17.

Defendant was ordered to undergo a competency and sanity examination at the Federal Detention Center in Houston, Texas. D.E. 22. The trial was continued generally pending the outcome of competency proceedings. D.E. 23.

On July 16, 2025, the Court and parties received the Forensic Evaluation ("the Report") from forensic psychologist Matthew R. Opesso, Psy.D., M.Ed. D.E. 29.

On August 6, 2025, the Court conducted an in-person competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). D.E. 35. The parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator. They stipulated to Dr. Opesso's qualifications as an expert forensic psychologist.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in

the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

The defense stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Opesso. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Opesso directly observed Defendant via interviews and subjected him to a battery of psychological testing. D.E. 29.

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

After a thorough discussion of Defendant's mental-health history and his performance on the psychological tests, the Report diagnoses Defendant with the following disorders under the DSM-V-TR:

> F15.20  Stimulant Use Disorder, Severe: Amphetamine-type substance
>
> F43.10  Posttraumatic Stress Disorder (PTSD)
>
> F60.3   Borderline Personality Disorder
>
> F60.2   Antisocial Personality Disorder
>
> Z76.5   Malingering

D.E. 29 at 12.[3]

The Report discusses these diagnoses and their likely effects on Defendant's competency. *Id*. at 12-14. In particular, Dr. Opesso believed Defendant was feigning memory problems. *Id*. at 13-14. But even if Defendant could not remember the circumstances of his arrest, he demonstrated the ability to understand the discovery materials and the evidence that would be used against him. *Id*. at 14. The Report concludes that "Mr. Stewart's prognosis regarding his competency to stand trial is fair [and] there was no evidence of acute mental health symptoms that would hinder his ability to participate in the criminal proceedings against him." *Id*. Dr. Opesso's opinion on competency was thus:

> [Defendant] does not display any symptoms of a mental disease or defect that would render him unable to understand the nature and consequences of the proceedings against him or to assist in his defense. He demonstrated sufficient factual and rational understanding of the legal proceedings before him and would be able to communicate with his attorney with a reasonable degree of rational understanding.

*Id*.

---

[3] Page number references are to the blue numbers generated by ECF.

At the final hearing, defense counsel had no evidence to contradict the Report. Although expressing a bit of skepticism that Defendant malingers, defense counsel said the Report was otherwise consistent with her interactions with Defendant since his return to this District.

In the Report, Dr. Opesso accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. The Report unambiguously supports a finding that both prongs of the *Dusky* competency test are met in this case, and its conclusions are unrebutted. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings and clearly understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. As discussed at the final hearing, any objection must be filed within **FIVE DAYS** after entry. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of the objections period, this matter will be referred to Judge Boom for her consideration.

This the 8th day of August, 2025.



Signed By:
*Hanly A. Ingram*
**United States Magistrate Judge**