UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:25-CR-7-REW-HAI |
| v. | ) ) | ORDER |
| CHRISTOPHER E. STEWART, | ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Christopher E. Stewart is charged with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). *See* DE 1 (Indictment). On May 7, 2025, Stewart, through counsel, moved for a competency hearing and evaluation, explaining that Stewart exhibited "varying emotional states and potential memory issues" in addition to a self-reported history of lengthy mental health challenges. *See* DE 13. The Government did not object and moved, in addition, for a sanity evaluation. *See* DE 15 (Motion Hearing Minute Entry). United States Magistrate Judge Hanly A. Ingram granted DE 13 and ordered Stewart to undergo competency and sanity examinations. *See* DE 16 (Order).

Stewart was transported to FDC Houston, where he remained from June 3, 2025, to July 9, 2025. *See* DE 27 (Status Report); 30 (same). At FDC Houston, Dr. Matthew R. Opesso, a forensic psychologist employed by the Bureau of Prisons, evaluated Stewart and generated a report. *See* DE 29 (Psychiatric Report). Ultimately, Dr. Opesso concluded that Stewart is competent to proceed to trial. *See id.* at 14. He tendered a separate report on criminal responsibility. *See id.* at 19.

1

Judge Ingram conducted a final competency hearing on August 6, 2024. *See* DE 35. At the hearing, the parties stipulated to the report findings. *See* DE 36 at 2. They also stipulated to the admissibility of Dr. Opesso's report and qualifications and waived the opportunity to examine or cross-examine the evaluator. *See id.* The parties also waived introduction of other proof or argument. *See id.*

Following the hearing, Judge Ingram issued a Recommended Disposition. *See* DE 36. Judge Ingram recommended that the undersigned find Stewart competent to proceed, citing Dr. Opesso's Report, the absence of contradictory evidence, and defense counsel's concurrence. *See id.* at 4–5. Judge Ingram fully catalogued the record; he explained that Dr. Opesso's report concluded that "Mr. Stewart's prognosis regarding his competency to stand trial is fair [and] there was no evidence of acute mental health symptoms that would hinder his ability to participate in the criminal proceedings against him." *See id.* at 4. Dr. Opesso's report likewise determined that Stewart "does not display any symptoms of a mental disease or defect that would render him unable to understand the nature and consequences of the proceedings against him or to assist in his defense." *Id.* (quoting Dr. Opesso's Report). The defense did not dispute the proof. *See id.* at 5. Judge Ingram assessed matters under *Dusky* and the statute and reached the only result the record signals.

Judge Ingram advised the parties of the five-day objection deadline. *See id.* at 5. That deadline has lapsed, and neither party has objected. The Court is not required to "review . . . a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommendation, they forfeit any right to review. *See* FED. R. CRIM P. 59 (limiting de novo review to "any objection" filed); *United States v. White*,

874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court has considered the recommended disposition, as well as the entire record and relevant authority, and agrees with Judge Ingram's recommendation. Judge Ingram's recommendation relies significantly on Dr. Opesso's report. *See* DE 29. That report properly applied the *Dusky* and statutory standards, finding that Stewart "name[d] his charge and discuss[ed] its meaning," and he "knew what evidence could be used against him" as well as "what evidence could be used to aid his in his defense or to receive a reduced sentence." DE 29 at 14. Those findings, with further details enumerated by the evaluator, clearly signify a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and "a rational as well as a factual understanding of the proceedings against him," well in line with *Dusky* and the statute. *See Dusky v. United States*, 80 S. Ct. 788, 789 (1960); 18 U.S.C. § 4241(a). The defense did not challenge these findings, and the Court, via the Magistrate Judge, found no evidence to contradict Dr. Opesso's report and findings. *See* DE 36 at 5.

Accordingly, the Court **ADOPTS** the Recommended Disposition (DE 36) and **FINDS** Stewart competent to face further proceedings in this matter, including trial. The parties **SHALL FILE** a joint report by August 30, 2025, indicating trial readiness, trial length, any time needed for full preparation, and any other status matter of note. The Court will then reset the trial date.

This the 20th day of August, 2025.



Signed By:
<u>Robert E. Wier</u>    REW
**United States District Judge**